**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUAI IBRAHEEM MOSTAFA MACKAREM, <br><br> Plaintiff, <br><br> vs. <br><br> KROLL, LLC, <br><br> Defendant. | CASE NO: <br><br><br> **COMPLAINT** |

Plaintiff Louai Ibraheem Mostafa Mackarem ("Plaintiff"), by and through his attorneys, Ansell Grimm & Aaron, P.C., for his complaint against Defendant Kroll, LLC ("Defendant" or "Kroll"), alleges the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1367, as well as 15 U.S.C. 1681(p), *et seq*.

2.      Venue is proper in this District because Defendant's principal place of business is located in this District and the acts and/or omissions giving rise to the claims alleged herein occurred in this District.

## THE PARTIES

3.      Plaintiff is an individual with a mailing address of c/o Ansell Grimm & Aaron, P.C., 365 Rifle Camp Road, Woodland Park, New Jersey 07424.

4.      At all times relevant hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. 1681a(c).

5.      Upon information and belief, Defendant is a limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business located at 55 East 52nd Street, 17th Floor, New York, New York 10055.

6.      Defendant is a consumer reporting agency as defined by 15 U.S.C. 1681a(f) and at all times relevant hereto, Defendant regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. 1681(d) to third parties.

7.      At all times relevant hereto, Defendant disbursed said consumer reports to third parties under a contract for monetary compensation.

## FACTS

8.      Mackarem is an Egyptian national who applied for citizenship through investment in the Republic of Cyprus.

9.      Upon information and belief, the Cypriot government contracted with Defendant to perform background searches on individuals who apply for visas and citizenship.

10.      Following compliance with the Cypriot government's requirements, Mackarem was informed that the application submitted for himself and his family was rejected as a result of information provided by Defendant.

11.      In court documents filed by the Republic of Cyprus in an administrative recourse case concerning Mackarem's application, it is stated that Kroll performed an enhanced due diligence check on Mackarem.

12.      The court document reads as follows, translated to English:

An enhanced due diligence check was carried out for the Applicants by an international specialized due diligence company from among the three companies with which the Ministry of Foreign Affairs has entered into a service contract for enhanced due diligence checks. As a result of said audit, relevant individual

2

enhanced due diligence reports (EDDR) have been drawn up, where a risk was identified for the Applicants for matters of a confidential nature included in the report.

In this regard, it is stated that in the relevant individual enhanced due diligence reports (EDDR), it is stated: "Private and Confidential. RESTRICTED USE WARNING. This report was prepared by Kroll at the request of the client to whom it is furnished. The client agrees that reports and information received from Kroll, including this report, are strictly confidential and are intended solely for the private and exclusive use of the client only in connection with a business, investment, or other commercial purpose. Any other use (including for employment purposes, credit evaluation or insurance underwriting purposes), and any communication, publication, disclosure, dissemination or reproduction of this report or any portion of its contents without the written consent of Kroll, is strictly prohibited. Kroll assumes no direct, indirect, or consequential liability to any third party or any other person who is not the intended addressee of this report for the information contained herein, its interpretation or applications, or for omissions, or for reliance by any such third party or other person thereon. To the extent information provided in this report, is based on a review of publicly-available records, such information, as presented, relies upon the accuracy and completeness of those records, which have not been corroborated by Kroll. Statements herein concerning financial, regulatory, or legal matters should be understood to be general observations based solely on Kroll's experience as risk consultants and may not be relied upon as financial, regulatory, or legal advice, which Kroll is not authorized to provide. All such matters should be reviewed with appropriately qualified advisors in these areas.....»

13.     Mackarem does not have any known negative marks on his credit, does not pose any risk as asserted by Kroll, and there is no cause for negative information to be displayed on an enhanced due diligence check.

14.     Mackarem attempted to secure a copy of the enhanced due diligence check report issued by Kroll for the purpose of identifying incorrect information and disputing the incorrect information, but Defendant refused to provide a copy of the document(s).

15.     Prior to commencing the instant action, on January 10, 2023, Mackarem's counsel issued correspondence to Defendant demanding that it transmit a certified copy of the background search results for Mackarem provided to the Cypriot government, as the background search results misrepresented information -- causing Mackarem and his family to sustain substantial injury.

16.     The information provided by Kroll to the Cypriot government was misleading, false, and/or defamatory.

17.     Defendant failed to timely conduct a reasonable investigation into the misleading, false, and/or defamatory information provided to the Cypriot government.

18.     Defendant failed to substantially and reasonably verify that the information provided to the Cypriot government was accurate.

19.     Notwithstanding Mackarem and his counsel having raised this issue with Defendant, Defendant continues to publish and disseminate misleading, false and/or defamatory information to third parties, persons, entities and/or governments.

20.     On January 30, 2023, Defendant's counsel responded, by stating: "Thank you for your patience. Having reviewed this further, we are bound by confidentiality obligations and therefore are not in a position to make a production in response to your request" -- thereby compelling Mackarem to file the instant action.

21.     As a result of Defendant's failure to comply with the FCRA, Plaintiff has suffered substantial damages, including but not limited to, the loss of citizenship through investment in the Republic of Cyprus, as well as the funds invested to secure said citizenship.

## AS AND FOR A FIRST CAUSE OF ACTION
## (WILLFUL VIOLATION OF THE FCRA)

22.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

23.     This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

24.     Defendant violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to ensure maximum possible accuracy in the preparation of the enhanced due diligence check concerning Plaintiff.

25.     Defendant willfully and recklessly failed to comply with the Act by, including but not limited to:

a.  Failing to follow reasonable procedures to ensure the maximum possible accuracy of the information reported;

b.  Failing to correct erroneous personal information regarding Plaintiff;

c.  Failing to remove and/or correct misleading, false and/or defamatory information after Plaintiff's inquiry;

d.  Failing to promptly and adequately investigate information which Defendant had notice is misleading, false and/or defamatory;

e.  Continually placing inaccurate information into due diligence reports after being advised that the information contained therein is misleading, false and/or defamatory; and

f.  Failing to promptly delete and correct information that is inaccurate, or cannot be verified.

26.     As a result of Defendant's conduct, action and inaction, Plaintiff suffered injury by the loss of citizenship through investment in the Republic of Cyprus, the funds invested to secure citizenship, a chilling effect on future applications for citizenship through investment, and the mental and emotional pain, anguish, humiliation and embarrassment of the denial of his citizenship through investment application.

27.     The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

28.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court in accord with 15 U.S.C. § 1681n.

## AS AND FOR A SECOND CAUSE OF ACTION
### (NEGLIGENT VIOLATION OF THE FCRA)

29.     Plaintiff repeats and realleges each and every allegation contained in the preceding

paragraphs with the same force and effect as if fully set forth herein.

30.     This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C.

§ 1681, *et seq.*

31.     Defendant violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information

from the due diligence report file of Plaintiff after receiving actual notice of such inaccuracies and

conducting reinvestigation, and by failing to maintain reasonable procedures with which to verify

the disputed information in the due diligence report procured for the Republic of Cyprus.

32.     Defendant negligently failed to comply with the Act by, including but not limited

to:

      a.  Failing to follow reasonable procedures to ensure the maximum possible accuracy of the information reported;

      b.  Failing to correct erroneous personal information regarding Plaintiff;

      c.  Failing to remove and/or correct misleading, false and/or defamatory information after Plaintiff's inquiry;

      d.  Failing to promptly and adequately investigate information which Defendant had notice is misleading, false and/or defamatory;

      e.  Continually placing inaccurate information into due diligence reports after being advised that the information contained therein is misleading, false and/or defamatory; and

      f.  Failing to promptly delete and correct information that is inaccurate, or cannot be verified.

33.     As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage

by the loss of citizenship through investment in the Republic of Cyprus, the funds invested to

secure said citizenship, a chilling effect on future applications for citizenship through investment,

and the mental and emotional pain, anguish, humiliation and embarrassment of the denial of his

citizenship through investment application.

34.     The conduct, action and inaction of Defendant was negligent, entitling Plaintiff to

damages under 15 U.S.C. § 1681o.

35.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendant

in an amount to be determined by the Court in accord with 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For actual damages pursuant to 15 U.S.C. § 1681o(a) for each negligent violation as alleged herein;

b. For actual damages pursuant to 15 U.S.C. § 1640(a)(1);

c. For statutory damages pursuant to 15 U.S.C. § 1681n(a);

d. For statutory damages pursuant to 15 U.S.C. § 1640(a)(2);

e. For punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

f. For attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3); and

g. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all issues in this case.

Dated:  Woodland Park, New Jersey
        February 3, 2023

**ANSELL GRIMM & AARON, P.C.**

By:     *s/ Seth M. Rosenstein*
        Joshua S. Bauchner, Esq.
        Seth M. Rosenstein, Esq.
        365 Rifle Camp Road
        Woodland Park, New Jersey 07424
        (973) 247-9000
        (973) 247-9199 facsimile
        jb@ansellgrimmm.com
        smr@ansellgrimm.com

        *Attorneys for Plaintiff*